UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00580-FDW-SCR

| | |
|---|---|
| OYSTER HR, INC., | ) |
| Plaintiff, | ) |
| v. | )   **ORDER** |
| EXCLUSIVE GROUP, LLC and HUBBLE BABY (HK) LTD., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, (Doc. No. 13). For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Motion for Default Judgment as to the default judgment amount but **DENIES IN PART** Plaintiff's Motion for Default Judgment as to attorneys' fees.

## I.   BACKGROUND

On June 20, 2024, Plaintiff filed suit against Defendants Hubble Baby (HK) Ltd. and Exclusive Group, LLC alleging Defendants failed to pay Plaintiff as required under the Parties' Settlement agreement ("the Agreement"). (See Doc. No. 1.) Under the Agreement, Defendant Hubble Baby agreed to pay Plaintiff $279,913.35 through equal monthly payments of $10,000 beginning on May 10, 2024. (Doc. No. 1, p. 1.) The Agreement also made Defendant Hubble Baby and Defendant Exclusive Group jointly and severally liable for payments of the Agreement. (Id.) Plaintiff alleges Defendant failed to make the first, or any payment. (Id., p. 5.) Prior to filing this suit, Plaintiff notified Defendants of the overdue payment through email and a mailed letter. (Id.) Defendants responded to neither. (Id.) Based on this nonpayment, Plaintiff asserts a claim for breach of contract.

1

Plaintiff served Defendants, (Doc. Nos. 6, 10). Under the Federal Rules of Civil Procedure, Defendants' deadline to file an Answer was July 15, 2024. At this time, Defendants' deadline to file an Answer has passed and no response has been filed. The Clerk entered default under Federal Rule of Civil Procedure 55(a) on July 18, 2024. (Doc. No. 12.) Plaintiff now requests default judgment on its claim, plus pre- and post-judgment interest, attorneys' fees, and costs.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., No. 4:09-cv-122, 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

### III. DISCUSSION

**A. Jurisdiction**

This Court has subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332. The Court must also ensure it has personal jurisdiction over Defendants before entering default judgment. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 (4th Cir. 2009). Parties to a contract may consent to personal jurisdiction in a particular forum. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 281 n.11 (4th Cir. 2005) (noting a valid forum selection clause "may act as a waiver to objections to personal jurisdiction"). Personal jurisdiction can be waived, meaning parties to an agreement may "contract around principles of personal jurisdiction by consenting to resolve their disputes in specified tribunals." Bistro of Kan. City, Mo., LLC v. Kan. City Live Block 125 Retail, LLC, No. ELH-10-2726, 2011 WL 1063800, at *13 (D. Md. Mar. 18, 2011) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471 n.14 (1985). Similarly, parties may consent to venue in specified courts in their agreements. Scotland Mem'l Hosp., Inc. v. Integrated Informatics, Inc., No. 1:02-cv-00796, 2003 WL 151852, at *4 (M.D.N.C. Jan. 8, 2003). Forum selection clauses are presumed enforceable unless they are "'unreasonable' under the circumstances." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

The Agreement between Plaintiff and Defendants included a forum selection clause stating in pertinent part:

> a. In the event of a claimed or actual breach of this Agreement, a Party shall be required to bring its claim(s) only in the United States District Court for the Western District of North Carolina; provided, however, that if and only if such Court does not have jurisdiction, a Party shall be required to bring its claim(s) in the applicable State/Superior Court for Mecklenburg County, North Carolina. These are the exclusive jurisdictions for any claims arising out of or relating to this Agreement.

3

Case 3:24-cv-00580-FDW-SCR   Document 14   Filed 08/28/24   Page 3 of 6

> b. The Parties hereby stipulate and consent to exclusive jurisdiction in the State and Federal Courts listed in Paragraph 4(a) above, i.e., the United States District Court for the Western District of North Carolina and the State/Superior Court for Mecklenburg County, North Carolina. The Parties hereby waive and release any and all claims and defenses that United States District Court for the Western District of North Carolina and the State/Superior Court for Mecklenburg County, North Carolina (i) lack jurisdiction; (ii) lack venue; and (iii) are inconvenient (i.e., forum non conveniens).

(Doc. No. 1, p. 2–3.) This forum selection clause provides an independent basis for exercising personal jurisdiction over the parties to the agreement. It expressly provides the parties "shall be required to bring its claim(s) only in the United States District Court for the Western District of North Carolina." (Id.) The forum selection clause further expressly "waive[s] and release[s] any and all claims and defenses that the United States District Court for the Western District of North Carolina . . . lack jurisdiction." (Id.) This is more than sufficient to subject the parties to the Agreement to jurisdiction in this Court. See, e.g., CoStar Realty Info., Inc. v. Field, 612 F. Supp. 2d 660, 667–68 (D. Md. 2009). Accordingly, this Court has personal jurisdiction over Defendants.

**B.     Default Judgment and Damages**

Based upon the well-pleaded allegations in the complaint, exhibits, and other evidence presented before the Court, Plaintiff has established entitlement to relief, and is hereby granted default judgment on the claim against Defendants. On issuance of default judgment, North Carolina courts "have consistently followed the rule that the relief to be granted does not depend upon that asked for in the complaint, but upon whether the matters alleged and proved entitle the complaining part[y] to the relief granted." Meir v. Walton, 170 S.E.2d 166, 168 (N.C. Ct. App. 1969). "The party seeking damages must prove them . . . to a reasonable certainty. While the claiming party must present relevant data providing a basis for a reasonable estimate, proof to an absolute mathematical certainty is not required." State Props., LLC v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002) (internal citations omitted).

Plaintiff seeks default judgment in the amount of $274,913.35, which represents the total amount unpaid from Defendants to Plaintiff under the Agreement. Plaintiff also seeks $4,760.54 in prejudgment interest and post-judgment interest at the legal rate.[1] To determine the proper measure of damages on Plaintiff's claim, the Court relies on the exhibit Plaintiff filed with its Complaint. (Doc. No. 1-1.) With respect to damages, the Court find Plaintiff is entitled to what is due and owed under the Agreement in the sum certain amount of $274,913.35, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, May 21, 2024, through the date of this Order, and post-judgment interest at the legal rate from the date of this Order until satisfied.

Plaintiff also requests attorney's fees in the amount of $9,698 and costs in the amount of $1,005. Although Plaintiff submitted an affidavit from Attorney Steven J. Rosenwasser, (Doc. No. 13-1), attesting to the fees and costs incurred, the affidavit provides insufficient evidence for the Court to determine the reasonableness of the fees. For example, the Court remains uninformed as to the time expended on this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 13), is **GRANTED IN PART** as to the default judgment amount. Default judgment is hereby entered against Defendants in the total amount of $274,913.35, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, May 21, 2024, through the date of this Order, and post-judgment interest at the legal rate from the date of this Order until satisfied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 13), is **DENIED IN PART WITHOUT PREJUDICE** as to attorneys' fees and costs.

---

[1] Plaintiff's request for prejudgment interest appears to be calculated as of the date the Motion was filed, August 8, 2024. The Court notes Plaintiff is entitled to prejudgment interest from the date of breach through the date of this Court's Order.

5

**IT IS SO ORDERED.**

Signed: August 27, 2024

Frank D. Whitney
United States District Judge